Ryan P. Spitalnick - Bar No. 232942
Starlet J. Japp – Bar No. 243097
Chris C. Chapman –Bar No. 234738
ARONOWITZ & MECKLENBURG, LLP
400 Exchange, Suite 100
Irvine, CA 92602
949.265.9940/Fax 949.236.5567
2068-017081-B00

Attorneys for Objecting Party,
WELLS FARGO BANK, N.A. AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2005-PR1 TRUST

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>DARYA T. ANSARI<br><br>      Debtor. | Case No. 14-30578 DM<br><br>(Chapter 13)<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>**341(a) Hearing:**<br>Date: May 15, 2014<br>Time: 10:00 AM<br>Place: Office of the U.S. Trustee<br>235 Pine Street, Suite 850<br>San Francisco, CA 94104<br><br>**Confirmation Hearing:**<br>Date: June 18, 2014<br>Time: 1:30 PM<br>Place: U.S. Bankruptcy Court<br>235 Pine St. 22nd Fl.<br>San Francisco, CA 94104 |

TO THE HONORABLE DENNNIS MONTALI, THE DEBTOR, DEBTOR'S ATTORNEY, CHAPTER 13 TRUSTEE AND ALL OTHER INTERESTED PARTIES:

WELLS FARGO BANK, N.A. AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-PR1 TRUST, through its loan servicer

1

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ("JPMC") hereby objects to the Chapter 13 Plan filed by Debtor, DARYA T. ANSARI. The basis for the objection is as follows:

**STATEMENT OF FACTS**

On or about November 01, 2004, Debtor, for valuable consideration, made, executed and delivered to Washington Mutual Bank, FA (hereinafter "Lender") a Promissory Note in the principal sum of $316,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **Exhibit 1** and incorporated herein by reference.

On or about November 01, 2004, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the real property located at 2524 Roblar Lane, Santa Clara, CA 95051 (the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on November 10, 2004, in the official records of the Santa Clara County Recorder's office. A copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated by reference.

Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Secured Creditor. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment to JPMC is attached hereto as **Exhibit 3** and incorporated by reference.

On or about April 14, 2014, Debtor filed a Chapter 13 bankruptcy petition. The Debtor filed a Chapter 13 Plan on May 12, 2014 [Docket #16]. The Chapter 13 Plan is internally inconsistent and fails to properly provide JPMC and the trustee with a clear definition of the treatment of its claim.

JPMC is in the process of finalizing its Proof of Claim in this matter. A Proof of Claim detailing the arrearage is forthcoming: however, JPMC submits the following objection to timely preserve its rights and treatment under the proposed plan.

The estimated pre-petition arrearage on JPMC's secured claim is in the sum of $21,530.33. This amount does not include any late charges, escrow advances, attorneys' fees, costs, or other fees and charges that might otherwise be included once the Proof of Claim is

finalized. Estimated arrears are subject to change pending completion of Proof of Claim. The exact arrearages owed to JPMC will not be known until Proof of Claim is filed. Proofs of Claims are due to this Court by August 13, 2014.

**GROUNDS FOR OBJECTION**

1. <u>The Plan has Inconsistent Treatment of JPMC's Claim</u>.

JPMC's proof of claim will include account arrears in the estimated amount of $21,530.33. The plan as proposed lists JPMC (identified as Chase) in Class 1, which is the class for claims where the Trustee will make payments for the arrears and the loan is not otherwise being modified, i.e. Debtor will pay the ongoing monthly installments. The text box on the form plan is filled out with $0.00 for arrears, but also lists a Fixed Arrearage Payment from the Trustee. These two numbers are obviously mutually exclusive, and JPMC cannot therefore determine if the plan proposes to pay arrears on its claim.

2. <u>If the $0.00 Figure in Class 1 is What the Plan Intends, Then The Plan Does Not Provide For The Pre-Petition Arrears Owed To JPMC.</u>

When long terms debt secured by a principal residence is in default at the time of filing, Chapter 13 essentially provides two options for treatment of such arrears. The plan may provide for the cure of an existing default within a reasonable time in addition to the maintenance of regular monthly loan payments while the case is pending, or, the plan must surrender the property. 11 USC §§ 1322(b)(2), (3), and (5), and 11 USC § 1325(a)(5). The Proof of Claim to be filed by Secured Creditor will establish a prepetition arrearage in the estimated amount of $21,530.33. In the absence of surrender, the Plan must provide for the payment of the arrears in a reasonable time. The Plan as proposed, with $0.00 listed for arrears in Class 1 does not provide for cure of the full amount of the arrears and thus cannot be confirmed in its present form.

\\\
\\\

**CONCLUSION**

The Debtor's proposed Chapter 13 Plan cannot be confirmed for the reasons stated above.

WHEREFORE, JPMC respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied unless and until the above deficiencies are remedied; and

2. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 15, 2014        ARONOWITZ & MECKLENBURG, LLP

/s/ Chris C. Chapman
Chris C. Chapman
Attorneys for Objecting Party, WELLS FARGO BANK, N.A. AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-PR1 TRUST, through its loan servicer JPMORGAN CHASE BANK, NATIONAL ASSOCIATION